**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CROWN ASSETS, LLC, | ) | Case No. 20-21451 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |
| SAHIB ARORA; VINEET SINGH; | ) | Removed Case: |
| KING GROUP MGMT, LLC; | ) | |
| MAHARAJA INVESTMENTS, LLC; and | ) | Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) | Case Number 2020CV339119 |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) | 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) | |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) | |
| BLVD MGMT LLC; 2551 EAST PINETREE | ) | |
| BLVD LLC; 4319 COVINGTON HWY LLC; | ) | |
| 140 W DYKES STREET LLC; 1604 E | ) | |
| OGLETHORPE BLVD LLC; KING ASSETS, | ) | |
| LLC; and 2505 S MAIN STREET, LLC, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RESPONDENTS CHARANJEEV SINGH, KARAN S. AHUJA, JARNAIL SINGH, JONIKA ARORA, CROWN ASSETS, LLC, 2551 E PINETREE BLVD MGMT LLC, 4319 COVINGTON HWY, LLC, 140 W DYKES STREET LLC, 1604 E OGLETHORPE BLVD, LLC, KING ASSETS, LLC, AND 2505 S MAIN STREET, LLC'S
<u>MOTION TO DISMISS IN PART WITH MEMORANDUM OF LAW IN SUPPORT</u>**

Respondents Charanjeev Singh ("**Charanjeev**"), Karan S. Ahuja ("**Ahuja**"), Jarnail Singh ("**Jarnail**"), Jonika Arora ("**Jonika**"), Crown Assets, LLC ("**Crown**" or "**Debtor**"), 2551 E Pinetree Blvd Mgmt LLC ("**Pinetree Management LLC**"), 4319 Covington Hwy, LLC ("**Covington LLC**"), 140 W Dykes Street LLC ("**Dykes LLC**"), 1604 E Oglethorpe Blvd, LLC

1

("**Oglethorpe LLC**"), King Assets, LLC ("**King Assets**"), and 2505 S Main Street, LLC ("**Main LLC**") (collectively, the "**Crown Respondents**"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b) and 7009, respectfully, file this Motion to Dismiss in Part with Memorandum of Law in Support, respectfully move this court to dismiss the Petition, as amended, in part, showing the Court as follows:

## INTRODUCTION

The filing of the Petition in State Court, along with the filing and recording of *Notices of Lis Pendens* against virtually all of the real property owned by Debtor and other Respondents, resulted in the Debtor having to seek bankruptcy protection, especially in light of the looming maturity obligations in 2021 on many of the Debtor and other Respondents' loans securing such properties.

A review of Petitioners' shotgun pleading makes it difficult to sort through the legal issues in this matter and it purposefully drafted that way. However, when distilled, the Petitioners are essentially attempting to seek a mulligan. The Petitioners willingly entered into a series of transactions for which they now would like to reverse. However, the facts contained in their own pleading and the applicable law, show that many of their claims fail to state a claim upon which relief can be granted.

## ARGUMENT AND CITATION TO AUTHORITY

**I.     Many of Petitioners' Claims are Based on a Duress Argument Barred by Law.**

The Petitioners assert that the Respondents threatened to interfere in the marriage of Harismran Arora, sister of Petitioners Sahib Arora and Vineet Singh. (*Petition for Relief Under*

*the Georgia Racketeer Influenced and Corrupt Organizations Act, Quiet Title, Injunction, Recission and Other Equitable Relief, Declaratory Judgment and Damages* (the "Petition"), ¶¶ 24-25; 33)).  According to the Petitioners:

> To protect their sister from Respondents' vile and scurrilous threats, and for that reason alone, Dr. Arora and Vineet were forced to accede to Respondents' demands. On August 14, 2019, they signed a series of corporate amendments and deeds to real property conveying 50% of Petitioners' business and properties including the (1) Agreement between King Group, Crown and Zillionaire (by which Respondent Crown LLC purportedly obtained half of King Group's 56% ownership interest in the property located at 2318 Old Cornelia Highway, Gainesville, Hall County, and a half interest in Zillionaire's property located at 5754 Attucks Boulevard, Morrow, Clayton County (the "**Coerced King Group Agreement**"); (2) **Bill of Sale** (by which Respondent Ahuja surrendered his 11% membership interest in King Group); (3) Amended and Restated Operating Agreement of Maharaja Investments, LLC (by which Respondents Ahuja and Charanjeev purportedly obtained a 25% membership interest each in Maharaja) ("**Coerced Maharaja Amendment**"); (3) Limited Warranty Deed by which Respondent Crown LLC purportedly obtained a one-half undivided interest in King Group's property located at 106 Commerce Street, Fayette County ("**Coerced Commerce Street Deed**"); (4) Limited Warranty Deed by which Respondent Crown LLC purportedly obtained a one-half undivided interest in King Group's property located 3811 Flat Shoals Parkway, DeKalb County ("**Coerced Flat Shoals Deed**"); (5) Limited Warranty Deed by which Respondent Crown LLC purportedly obtained a one-half undivided interest in King Group's property located on Roosevelt Highway, Fulton County ("**Coerced Roosevelt Hwy Deed**"); (6) Limited Warranty Deed by which Respondent Crown LLC purportedly obtained a one-half undivided interest in King Group's property located of 5341 Snapfinger Drive, DeKalb County ("**Coerced Snapfinger Deed**") (collectively the "**Coerced Transactions**").

(Petition, ¶ 28).  Although the allegations of threats are false, the Respondents recognize the Court cannot address factual disputes at this time.  Without this alleged duress, many of the Petitioners' claims fall apart, as the Petitioners are reliant on undermining valid contracts in order to set forth

3

claims. There are two threshold legal issues that either alone would dispense with all of the duress-related claims.

It is well-established that "**when the signer of an agreement is sophisticated in business matters and has access to and in fact obtains advice of counsel, the defense of duress is not available to void the contract**." *Compris Technologies v. Techwerks, inc.,* 274 Ga.App. 673, 682 (2005) (quoting *Cooperative Resource Center v. Southeast Rural Assistance Project,* 256 Ga.App. 719, 720-721 (2002); See also, *In re Chatham Parkway Self Storage, LLC*, 507 B.R. 13, 22 (Bankr. S.D. Ga. 2014)).

In this case, the Petitioners allegations in their own Petition show that they are sophisticated in business matters. The Petition discusses their businesses, that Sahib Arora came to the United States in 2013 to pursue his interests in real estate investments rather than the medical profession, that Sahib Arora was very successful with a "handsome portfolio." (*Petition*, ¶¶ 14-17). Moreover, not only did the Petitioners have access to legal counsel, Petitioners' legal counsel, Joel M. Haber, Esq., drafted the contract documents the Petitioners are now alleging were the product of duress. (*Petition*, Exhibits D, E, F, & G). In addition, Petitioners filed an affidavit signed by their attorney, Joel Haber, relating to documents he prepared and stating that he represented Sahib Arora during the August 2019 transactions. (*Affidavit of Joel M. Haber*, executed on August 26, 2020).

As the Petitioners are sophisticated businesspersons, and they employed and obtained the advice of legal counsel to effectuate the contractual arrangements which they now claim are "coerced transactions," duress is not an available to undo their agreements.

The Petitioners efforts to rely on duress is legally impermissible. Without the defense of duress, the Petitioners cannot avoid the legally binding contracts that were signed, nor can they

4

avoid the transactions that followed. While the Petitioners have been creative in attempting to maneuver their way of their contracts, duress is not available. As the following claims are reliant on the duress and the unwinding of the alleged "coerced transactions," each of the following claims must be dismissed for failure to state a claim:

    i.    Count I – Georgia RICO, in part, as the claim relates in any way to duress or theft by extortion relating to the alleged "Coerced Transactions" or alleged "Coerced Zillionaire Amendment";

    ii.    Count IV – Recission on the Grounds of Duress;

    iii.    Count VI – Recission on the Grounds of Illegality; and

    iv.    Count VII – Declaratory Judgment.

    v.    Count XIII – Imposition of an Equitable Lien

    vi.    Count XIV – Imposition of a Constructive Trust

**II.**    **Count V for Recission on the Grounds of Fraudulent Inducement Must Fail as a Matter of Law.**

The Petitioners' claim for recission on the grounds of fraudulent inducement is predicated on the following alleged misrepresentation:

> Respondents represented to Dr. Arora and Vineet that if they agreed to the Coerced Zillionaire Amendment and cooperated in the sales of the Attucks Boulevard and Snapfinger Drive properties, Respondents would reconvey Maharaja's 50% ownership interest in Pinetree Plaza.

*Petition*, ¶ 141.

Aside from the fact that it cannot be reconciled that Petitioners allege they executed the "Coerced Zillionaire Amendment" under duress to protect Ms. Arora, and that they simultaneously

5

reasonably relied upon a representation made regarding an interest they would be provided, the Petitioners failed to act promptly, which is a bar to a claim for recission.

> A contract may be rescinded at the instance of the party defrauded; but, in order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract if it is of any value.

O.C.G.A. § 13-4-60. The "Coerced Zillionaire Amendment" was signed as of November 20, 2019, nearly a year ago. If Petitioners' averment is accepted as true for argument, they sat on this alleged fraudulent inducement for many months and then, as a part of a large elaborate fabricated story, decided to seek recission. As the Petitioners did not promptly file to rescind, their claim for recission must fail as a matter of law. As such, Count VI must be dismissed for failure to state a claim upon which relief can be granted.

### III.     Count VI for Rescission on Ground of Illegality Must Fail as a Matter of Law.

In the Petition, Petitioners allege:

> Apart from the return of Respondent Ahuja's 11% interest in King Group, which Petitioners tender back to him, the only consideration Petitioners received in entering into the Coerced Transactions and the Coerced Zillionaire Amendment was the protection of their sister from Respondents' threats.
>
> …
>
> Consideration to do *or not do* an immoral or illegal cannot support an enforceable contract. Such a contract is void pursuant to OCGA § 13-8-1.

(*Petition*, ¶¶ 147-148). Respondents incorporate their argument regarding the alleged duress herein. However, the Petitioners' averment is directly contradicted by their own attachment to their Petition. As shown below, each of the documents, which were prepared by counsel for the Petitioners, specifically call out consideration:

6

a. **The "Coerced King Group Agreement"**

> WHEREAS, based on the conveyance by Zillionaire and King, King and Crown will each be unconditionally liable for fifty percent of the indebtedness on the Morrow Property and King and Crown will each be unconditionally liable for twenty-five percent of the indebtedness on the Gainesville Property.

(*Petition*, Exhibit A).

b. **The "Coerced Maharaja Agreement"**

> The Members desire to amend and restate (i) the contributions to the capital of the Company by the Members; (ii) the division of the profits and losses derived from ownership, maintenance and operation thereof of the Company; (iii) the restrictions on disposition of Membership Interests; (iv) Management of the Company; and (iv) address various other matters relating to the rights and obligations of the Members;

(*Petition*, Exhibit C).

c. **The "Coerced Commerce Street Deed"**

> FOR AND IN CONSIDERATION of the sum of Ten Dollars in hand paid and good and valuable consideration delivered to Grantor by Grantee at and before the execution…

(*Petition*, Exhibit D).

d. **The "Coerced Flat Shoals Deed"**

> FOR AND IN CONSIDERATION of the sum of Ten Dollars in hand paid and good and valuable consideration delivered to Grantor by Grantee at and before the execution…

(*Petition*, Exhibit E).

e. **The "Coerced Roosevelt Hwy Deed"**

> FOR AND IN CONSIDERATION of the sum of Ten Dollars in hand paid and good and valuable consideration delivered to Grantor by Grantee at and before the execution…

(*Petition*, Exhibit F).

f. **The "Coerced Snapfinger Deed"**

7

> FOR AND IN CONSIDERATION of the sum of Ten Dollars in hand paid and good and valuable consideration delivered to Grantor by Grantee at and before the execution…

(*Petition*, Exhibit G).

g. **The "Coerced Zillionaire Amendment"**

> The Members desire to amend and restate (i) the contributions to the capital of the Company by the Members; (ii) the division of the profits and losses derived from ownership, maintenance and operation thereof of the Company; (iii) the restrictions on disposition of Membership Interests; (iv) Management of the Company; and (iv) address various other matters relating to the rights and obligations of the Members;

(*Petition*, Exhibit H).

h. **Conclusion**.

The Petitioners signed each of the documents, and each document contains statements regarding consideration provided. Petitioners' arguments regarding consideration is contrary to the express language of the documents prepared by their counsel.

These documents do not purport consideration relating to an immoral or illegal act. Instead, these documents each call out ordinary legal consideration. As such, Petitioners' position fails to state a claim upon which relief can be granted and must be dismissed.

IV. **Count VII for Declaratory Judgment Must Fail as a Matter of Law.**

The Petitioners are seeking a declaration regarding the validity of the alleged "Coerced Transactions" and the alleged "Coerced Zillionaire Amendment." (Petition, ¶ 151).

> The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated. As many times pointed out by this [C]ourt, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light *before* he steps rather than after he has stepped in a hole.

8

*Richardson v. Phillips*, 302 Ga. App. 305, 309 (2010).  A party seeking such a judgment "must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests."  *Atlanta Nat. League Baseball Club, Inc. v. F.F.*, 328 Ga. App. 217, 220 (2014).  Petitioners are not averring that they are walking in the dark and are seeking guidance to avoid stepping in a hole.  The Petitioners are not averring they are at risk of taking a wrong action at all.  Instead, Petitioners are asking the Court to ignore the substance of the claims and the litigation associated therewith, and summarily review this case in an improper way.  As such, this count fails to state a claim upon which relief can be granted and must be dismissed.

**V.      Count XII for Fraud is Insufficient.**

The Petitioners' shotgun pleading does not clarify what is being alleged as the basis for the fraud claim.  As such, the Petitioners' pleading does not comport with the requirements of Rule 9(b) Federal Rules of Civil Procedure, and Petitioners should be required to replead pursuant to Rule 12(e).

**VI.     Count XIII for Imposition of an Equitable Lien, Count XIV for Imposition of a Constructive Trust, and Count XVI – Request for Equitable Accounting Must Fail as a Matter of Law.**

The claims for equitable lien and constructive trust are seeking relief on transactions the Petitioners are attempting to unwind through their duress argument.  As such, as addressed above, for that reason alone, the claims for equitable lien and constructive trust fail to state a claim upon which relied can be granted, and must be dismissed.  However, in addition thereto, the claims for equitable lien and constructive trust are efforts to concurrently seek legal and equitable relief, when the legal relief would provide an adequate remedy at law.

Applying Georgia law, the Eleventh Circuit Court of Appeals has concluded that constructive trust remedies are not available when the record shows that the Petitioners have an adequate remedy at law:

> An examination of the record in this case reveals that Mitsubishi is not entitled to the equitable remedy of a constructive trust because it has an adequate remedy at law. Although the facts as stated by Mitsubishi indicate possible fraud in this case, such fraud arose in the context of a contractual, commercial relationship between Mitsubishi and Cardinal and General, as well as between Mitsubishi and SFI. In the principal transactions, Cardinal and General misrepresented their own creditworthiness (their intent to pay for the yarn they purchased). As such, the remedy Mitsubishi should have sought is the recovery of money for breach of a promise to pay or for an account stated (and not the imposition of a constructive trust). There is no indication in this case that a legal remedy would not be sufficient to vindicate Mitsubishi's rights since it seeks the payment of a debt (along with the statutory damages provided by the federal and state RICO laws). Moreover, if any defendant is held liable in this case, Mitsubishi will have all of the rights of a judgment creditor in Georgia. *See* Fed.R.Civ.P. 69.

*Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1519–20 (11th Cir. 1994). Moreover, the United States Supreme Court, in reviewing a claim for equitable accounting, concluded that "[t]he necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out in Beacon Theatres, the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–79, 82 S. Ct. 894, 899–900, 8 L. Ed. 2d 44 (1962).

> The respondents' contention that this money claim is 'purely equitable' is based primarily upon the fact that their complaint is cast in terms of an 'accounting,' rather than in terms of an action for 'debt' or 'damages.' But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings. **The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out in Beacon Theatres, the absence of an adequate remedy at law**. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the

> plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them. In view of the powers given to District Courts by Federal Rule of Civil Procedure 53(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone, the burden of such a showing is considerably increased and it will indeed be a rare case in which it can be met. But be that as it may, this is certainly not such a case. A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here, whether the theory finally settled upon is that of breach of contract, that of trademark infringement, or any combination of the two. **The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into petitioner's business records**.

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–79, 82 S. Ct. 894, 899–900, 8 L. Ed. 2d 44 (1962) **(emphasis added)**.

As aforementioned, these claims are related to the transactions complained of in the legal claims in the Petition. The Petitioners alleged many legal claims seeking legal relief in the form of monetary compensation, including treble damages in their RICO claim. (*Petition*, ¶ 67). Moreover, counsel for the Petitioners has acknowledged that Petitioners would be happy to receive money as their relief. (*Answer and Counterclaim,* Exhibit A-1, 14:16-19 ("Really what this is about is money damages. Well, right. We could be satisfied with money damages but that doesn't mean we don't have a right to impose an equitable lien to recover that money."). Moreover, the Petitioners' own claim for equitable lien establishes that there is an adequate remedy at law, stating: "[i]t is against equity that Respondents should retain title to . . . purchased or maintained with funds obtained from Petitioners through the unlawful acts set forth in this Petition**, without restoring such funds to Petitioners**." (Petition, p. 190) (emphasis added). The claim for equitable lien itself pleads the sufficiency of monetary damages. As such, the authority set forth by the Eleventh Circuit in *Mitsubishi Int'l Corp.* is directly applicable to this case, and the claims for

equitable lien and constructive trust fail to set forth a claim upon which relief can be granted, and must be dismissed.

## VII. Conclusion.

While none of Petitioners' claims have merit, the claims addressed herein fail to state a claim upon which relief can be granted. As such, the Respondents respectfully request that this Court enter an Order:

(a) dismissing the following claims:

1. Count I – Georgia RICO, in part, as the claim relates in any way to duress or theft by extortion relating to the alleged "Coerced Transactions" or alleged "Coerced Zillionaire Amendment";

2. Count IV – Recission on the Grounds of Duress;

3. Count VI – Recission on the Grounds of Illegality;

4. Count VII – Declaratory Judgment; and

5. Count XIII – Imposition of an Equitable Lien, and

(b) ordering that Petitioners replead their fraud claim with sufficient specificity.

[Signatures of counsel on following page]

Respectfully submitted this 28th day of October, 2020.

**ROUNTREE LEITMAN & KLEIN, LLC**

/s/ David S. Klein
William A. Rountree
Georgia Bar No. 616503
wrountree@rlklawfirm.com

David S. Klein
Georgia Bar No. 183389
dklein@rlklawfirm.com

Benjamin R. Keck
Georgia Bar No. 943504
bkeck@rlklawfirm.com

*Proposed Counsel for the Debtor Crown Assets, LLC and Counsel for the Remaining Crown Respondents*

Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238

- and -

**MATT THIRY LAW, LLC**

/s/ Matthew R. Thiry
Matthew R. Thiry
Georgia Bar No. 100131
Matt@MattThiryLaw.com

*Proposed Special Counsel for the Debtor Crown Assets, LLC and Counsel for the Remaining Crown Respondents*

P.O. Box. 923054
Peachtree Corners, Georgia 30010
(678) 883-6127

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CROWN ASSETS, LLC, | ) | Case No. 20-21451 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |
| SAHIB ARORA; VINEET SINGH; | ) | Removed Case: |
| KING GROUP MGMT, LLC; | ) | |
| MAHARAJA INVESTMENTS, LLC; and | ) | Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) | Case Number 2020CV339119 |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) | 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) | |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) | |
| BLVD MGMT LLC; 2551 EAST PINETREE | ) | |
| BLVD LLC; 4319 COVINGTON HWY LLC; | ) | |
| 140 W DYKES STREET LLC; 1604 E | ) | |
| OGLETHORPE BLVD LLC; KING ASSETS, | ) | |
| LLC; and 2505 S MAIN STREET, LLC, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that he served the foregoing **RESPONDENTS CHARANJEEV SINGH, KARAN S. AHUJA, JARNAIL SINGH, JONIKA ARORA, CROWN ASSETS, LLC, 2551 E PINETREE BLVD MGMT LLC, 4319 COVINGTON HWY, LLC, 140 W DYKES STREET LLC, 1604 E OGLETHORPE BLVD, LLC, KING ASSETS, LLC, AND 2505 S MAIN STREET, LLC'S MOTION TO DISMISS IN PART WITH MEMORANDUM OF LAW IN SUPPORT** on all

14

counsel or parties of record in this adversary proceeding by filing a copy of same with the Court's CM/ECF system, which will automatically provide a copy of same to such counsel or parties. The undersigned further certifies under penalty of perjury that he served the foregoing pleading, pursuant to Fed. R. Bankr. P. 7004 and Fed. R. Civ. P. 5(b)(F), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7005 on the following by causing a copy of same to be deposited in the U.S. Mail, postage prepaid, addressed as follows:

Sahib Arora
660 Belgrave Lane
Tucker, Georgia 30084

Vineet Singh
660 Belgrave Lane
Tucker, Georgia 30084

King Group Mgmt LLC
Attn: Gobind Madan, CPA, Registered Agent
1150 Faith Avenue SE
Atlanta, Georgia 30316

Zillionaire Assets LLC
Attn: Gobind Madan, CPA, Registered Agent
1150 Faith Avenue SE
Atlanta, Georgia 30316

Maharaja Investments LLC
Attn: Sahib Arora, Registered Agent
660 Belgrave Lane
Tucker, Georgia 30084

And by causing a copy of same to be deposited in the U.S. Mail, postage prepaid, addressed as follows and by Electronic Mail, addressed as follows:

Michael A. Dominy
The Dominy Law Firm, LLC
729 Piedmont Ave NE
Atlanta, GA 30308
michael@dominylaw.net
*Counsel for the Petitioners*

Ramsey A. Knowles  
Jared K. Hodges  
Knowles Gallant LLC  
6400 Powers Ferry Road – Suite 350  
Atlanta, Ga 30339  
rknowles@knowlesgallant.com  
jhodges@knowlesgallant.com  
*Counsel for 2551 East Pinetree Blvd LLC*

This 28th day of October, 2020.

/s/ David S. Klein
David S. Klein
Georgia Bar No. 183389
dklein@rlklawfirm.com