**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CROWN ASSETS, LLC, | ) Case No. 20-21451 |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| | ) |
| SAHIB ARORA; VINEET SINGH; | ) Removed Case: |
| KING GROUP MGMT, LLC; | ) |
| MAHARAJA INVESTMENTS, LLC; and | ) Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) Case Number 2020CV339119 |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Adversary Proceeding No.: |
| | ) |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) |
| BLVD MGMT LLC; 2551 EAST PINETREE | ) |
| BLVD LLC; 4319 COVINGTON HWY LLC; | ) |
| 140 W DYKES STREET LLC; 1604 E | ) |
| OGLETHORPE BLVD LLC; KING ASSETS, | ) |
| LLC; and 2505 S MAIN STREET, LLC, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## NOTICE OF SUBPOENAS

Respondents Charanjeev Singh ("**Charanjeev**"), Karan S. Ahuja ("**Ahuja**"), Jarnail

Singh ("**Jarnail**"), Jonika Arora ("**Jonika**"), Crown Assets, LLC ("**Crown**" or "**Debtor**"), 2551

E Pinetree Blvd Mgmt LLC ("**Pinetree Management LLC**"), 4319 Covington Hwy, LLC

("**Covington LLC**"), 140 W Dykes Street LLC ("**Dykes LLC**"), 1604 E Oglethorpe Blvd, LLC

("**Oglethorpe LLC**"), King Assets, LLC ("**King Assets**"), and 2505 S Main Street, LLC ("**Main**

**LLC**") (collectively, the "**Crown Respondents**"), by and through the undersigned counsel, file

this Notice of Subpoenas in connection with the above-captioned adversary proceeding.   The following subpoenas shall be served as soon as possible.

Exhibit "A" – Joel M. Haber, Esq.

Exhibit "B" – Gobind Madan

Exhibit "C" – King Package, Inc.

Exhibit "D" – Harsimran Arora

Exhibit "E" – Meharban Arora

[Signature of counsel on following page]

This 25th day of November, 2020.

**ROUNTREE LEITMAN & KLEIN, LLC**

/s/ David S. Klein
William A. Rountree
Georgia Bar No. 616503
wrountree@rlklawfirm.com

David S. Klein
Georgia Bar No. 183389
dklein@rlklawfirm.com

Benjamin R. Keck
Georgia Bar No. 943504
bkeck@rlklawfirm.com

*Counsel for the Debtor Crown Assets, LLC and Counsel for the Remaining Crown Respondents*

Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238

- and -

**MATT THIRY LAW, LLC**

/s/ Matthew R. Thiry
Matthew R. Thiry
Georgia Bar No. 100131
Matt@MattThiryLaw.com

*Special Counsel for the Debtor Crown Assets, LLC and Counsel for the Remaining Crown Respondents*

P.O. Box. 923054
Peachtree Corners, Georgia 30010
(678) 883-6127

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____    District of _____ Georgia _____

In re _____ Crown Assets, LLC _____
Debtor

Case No. _____ 20-21451 _____

*(Complete if issued in an adversary proceeding)*

Sahib Arora, Vineet Singh, King Group Mgmt, LLC, et al.
_____
Plaintiff

Chapter _____ 11 _____

v.

Charanjeev Singh, Karan S. Ahuja, Jarnail Singh, et al.
_____
Defendant

Adv. Proc. No. _____ 20-02041-JRS _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Joel M. Haber, Esq. _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment

| PLACE | DATE AND TIME |
|---|---|
| Rountree Leitman & Klein, LLC<br>2987 Clairmont Rd., Ste. 175, Atlanta GA 30329 | December 7, 2020<br>12:00 P.M. (EST) |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____ November 25, 2020 _____

CLERK OF COURT

OR

_____           _____
Signature of Clerk or Deputy Clerk                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ Crown Respondents _____  , who issues or requests this subpoena, are:

David S. Klein, 2987 Clairmont Rd., Ste. 175, Atlanta, GA 30329, dklein@rlklawfirm.com, 404-584-1238

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>ATTACHMENT</u>

Pursuant to the above and foregoing subpoena, you must produce the following items on or before December 7, 2020 at 12:00 P.M. (EST) by:

Electronic mail to:                            dklein@rlklawfirm.com
                                               mwinokur@rlklawfirm.com

OR

Mail, overnight mail, or hand-delivery to:     David S. Klein, Esq.
                                               Rountree Leitman & Klein, LLC
                                               2987 Clairmont Rd., Ste. 175
                                               Atlanta, GA 30329

### Definitions

The term "**Bankruptcy Case**" means that certain chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, Case Number 20-21451-JRS.

The term "**Communication**" means any oral statement, dialogue, colloquy, discussion or conversation and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

The term "**Debtor**" means the Debtor Crown Assets, LLC in the Bankruptcy Case or anyone else acting on her behalf.

The term "**Document**" means any written, printed, typed, drawn, punched, taped, filmed, recorded, or other graphic matter, which is possessed, controlled, or known to exist by you, including, but not limited to, any photograph, microfilm, microfiche, account, record, book, pamphlet, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, fax, e-mail, telegram, telephone records, memorandum, contract, lease, invoice, manifest, purchase order, ticket, log, project log, computer printout, computer disk file, computer hard drive, computer

tape, CD ROM disk, bulletin, study, survey, chart, graph, index, data sheets, inter- and intra-company communication, report, plan, drawing, specification, video tape, worksheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, or any other form of data compilation in tangible or electronic media.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of hand notations, initials, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

The term "**Haber & Terrell**" means Haber & Terrell, LLP and anyone acting on its behalf.

The term "**King Group**" means King Group MGMT, LLC and anyone acting on its behalf.

The term "**Maharaja Investments**" means Maharaja Investments, LLC a/k/a Maharaja Investment, LLC and anyone acting on its behalf.

The term "**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives and associations.

The term "**Former State Court Action**" means that civil action previously pending in the Superior Court of Fulton County, Georgia with a case caption of *Sahib Arora et al. v. Charanjeev Singh et al.,* and assigned a case number of 2020CV339119.

The term "**Former State Court Action Affidavit**" means that Affidavit of Joel M. Haber which you executed on August 26, 2020 and was filed in the Former State Court Action.

The term "**Zillionaire**" means Zillionaire Assets, LLC and anyone acting on its behalf.

The terms "**You**" or "**Your**" mean and refer to the Person to whom this subpoena is addressed – Joel M. Haber, Esq. – and anyone acting on Your behalf.

<u>DOCUMENT REQUESTS</u>

1. All Documents evidencing any operating agreements of King Group.

2. All Documents evidencing any Communications between You and any other Person concerning any operating agreements of King Group.

3. All Documents evidencing any Communications between Haber & Terrell and any other Person concerning any operating agreements of King Group.

4. All Documents evidencing any operating agreements of Maharaja Investments.

5. All Documents evidencing any Communications between You and any other Person concerning any operating agreements of Maharaja Investments.

6. All Documents evidencing any Communications between Haber & Terrell and any other Person concerning any operating agreements of Maharaja Investments.

7. All Documents evidencing any operating agreements of Zillionaire.

8. All Documents evidencing any Communications between You and any other Person concerning any operating agreements of Zillionaire.

9. All Documents evidencing any Communications between Haber & Terrell and any other Person concerning any operating agreements of Zillionaire.

10. All Documents evidencing any Communications between You and any other Person concerning an Amended and Restated Operating Agreement of King Group Mgmt, LLC dated January 6, 2017.

11.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an Amended and Restated Operating Agreement of King Group Mgmt, LLC dated January 6, 2017.

12.     All Documents evidencing any Communications between You and any other Person concerning an Amended and Restated Operating Agreement of King Group Mgmt, LLC purportedly dated January 9, 2017.

13.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an Amended and Restated Operating Agreement of King Group Mgmt, LLC purportedly dated January 9, 2017.

14.     All Documents evidencing any Communications between You and any other Person concerning an Agreement dated August 14, 2019 by and between King Group Mgmt, LLC, Crown Assets, LLC, and Zillionaire Assets, LLC.

15.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an Agreement dated August 14, 2019 by and between King Group Mgmt, LLC, Crown Assets, LLC, and Zillionaire Assets, LLC.

16.     All Documents evidencing any Communications between You and any other Person concerning a Bill of Sale dated August 14, 2019 between Karan Singh Ahuja and Sahib Arora and purportedly signed by Karan Singh Auhja.

17.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning a Bill of Sale dated August 14, 2019 between Karan Singh Ahuja and Sahib Arora and purportedly signed by Karan Singh Auhja.

18.    All Documents evidencing any Communications between You and any other Person concerning an Amended and Restated Operating Agreement of Maharaja Investment, LLC dated August 14, 2019.

19.    All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an Amended and Restated Operating Agreement of Maharaja Investment, LLC dated August 14, 2019.

20.    All Documents evidencing any Communications between You and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 19, 2019 at Deed Book 4912, Page 272, Fayette County, Georgia records.

21.    All Documents evidencing any Communications between Haber & Terrell and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 19, 2019 at Deed Book 4912, Page 272, Fayette County, Georgia records.

22.    All Documents evidencing any Communications between You and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 16, 2019 at Deed Book 27736, Page 80, Rockdale County, Georgia records.

23.    All Documents evidencing any Communications between Haber & Terrell and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 16, 2019 at Deed Book 27736, Page 80, Rockdale County, Georgia records.

24.     All Documents evidencing any Communications between You and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 19, 2019 at Deed Book 60423, Page 174, Fulton County, Georgia records.

25.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 19, 2019 at Deed Book 60423, Page 174, Fulton County, Georgia records.

26.     All Documents evidencing any Communications between You and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 16, 2019 at Deed Book 27736, Page 127, Rockdale County, Georgia records.

27.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning a Limited Warranty Deed dated August 14, 2019 by and between King Group Mgmt, LLC as Grantor and Crown Assets, LLC as Grantee and recorded on August 16, 2019 at Deed Book 27736, Page 127, Rockdale County, Georgia records.

28.     All Documents evidencing any Communications between You and any other Person concerning an Amended and Restated Operating Agreement of Zillionaire Assets LLC dated November 20, 2019.

29.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an Amended and Restated Operating Agreement of Zillionaire Assets LLC dated November 20, 2019.

30.     All Documents evidencing any Communications between You and any other Person concerning an Agreement dated December 21, 2019 by and between King Group Mgmt, LLC, Crown Assets, LLC, and Zillionaire Assets, LLC.

31.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an Agreement dated December 21, 2019 by and between King Group Mgmt, LLC, Crown Assets, LLC, and Zillionaire Assets, LLC.

32.     All Documents evidencing any Communications between You and any other Person concerning the real property more commonly known as 2551 East Pinetree Boulevard, Thomasville, Georgia 31792.

33.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning the real property more commonly known as 2551 East Pinetree Boulevard, Thomasville, Georgia 31792.

34.     All Documents that you relied on in making the statement at Paragraph 7 of the Former State Court Action Affidavit that "Dr. Arora engaged me to prepare documents related to the resolution of an internal dispute between Dr. Arora and Karen S. Ahuja."

35.     All Documents evidencing any Communications between You and any other Person which concern the "internal dispute" referenced in Paragraph 7 of the Former State Court Action Affidavit.

36.     All Documents evidencing any Communications between Haber & Terrell and any other Person which concern the "internal dispute" referenced in Paragraph 7 of the Former State Court Action Affidavit.

37.     All Documents evidencing any Communications between You and any other Person which concern the "discussions" that you claimed to have had with Michael A. Dominy as stated in Paragraph 13 of the Former State Court Action Affidavit.

38.     All Documents evidencing any Communications between Haber & Terrell and any other Person which concern the "discussions" that you claimed to have had with Michael A. Dominy as stated in Paragraph 13 of the Former State Court Action Affidavit.

39.     All Documents evidencing any Communications between You and any other Person concerning an e-mail from Sahib Arora to Joel Haber, Vineet Singh, and Charanjeev Singh dated Tuesday, August 13, 2019 at 12:03 PM.

40.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an e-mail from Sahib Arora to Joel Haber, Vineet Singh, and Charanjeev Singh dated Tuesday, August 13, 2019 at 12:03 PM.

41.     All Documents evidencing any Communications between You and any other Person concerning an e-mail from Sahib Arora to Joel Haber, Charanjeev Singh, Vineet Singh, and Karan Singh dated Saturday, December 28, 2019 at 3:37 AM.

42.     All Documents evidencing any Communications between Haber & Terrell and any other Person concerning an e-mail from Sahib Arora to Joel Haber, Charanjeev Singh, Vineet Singh, and Karan Singh dated Saturday, December 28, 2019 at 3:37 AM.

43.     All Documents concerning the real property more commonly known at 90 Hunters Chase in McDonough, Georgia.

44.     All Documents evidencing any Communications between You and any other Person concerning the real property more commonly known as 90 Hunters Chase in McDonough, Georgia.

45.    All Documents evidencing any Communications between Haber & Terrell and any other Person concerning the real property more commonly known as 90 Hunters Chase in McDonough, Georgia.

46.    All Documents concerning the real property more commonly known as 3180 Atlanta Highway in Athens, Georgia.

47.    All Documents evidencing any Communications between You and any other Person concerning the real property more commonly known as 3180 Atlanta Highway in Athens, Georgia

48.    All Documents evidencing any Communications between Haber & Terrell and any other Person concerning the real property more commonly known as 3180 Atlanta Highway in Athens, Georgia.

49.    All Documents evidencing any real estate purchased or sold by Sahib Arora, Vineet Singh, Harsimran Arora, Meharban Arora, Neeta Arora, or any entity controlled, managed, owned, or operated by them, since January 1, 2019.

# EXHIBIT B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____    District of _____ Georgia _____

In re _____ Crown Assets, LLC _____
Debtor

_(Complete if issued in an adversary proceeding)_

Sahib Arora, Vineet Singh, King Group Mgmt, LLC, et al.
_____
Plaintiff
v.
Charanjeev Singh, Karan S. Ahuja, Jarnail Singh, et al.
_____
Defendant

Case No. _____ 20-21451 _____

Chapter _____ 11 _____

Adv. Proc. No. _____ 20-02041-JRS _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Gobind Madan _____
_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment

| PLACE | DATE AND TIME |
|---|---|
| Rountree Leitman & Klein, LLC<br>2987 Clairmont Rd., Ste. 175, Atlanta GA 30329 | December 7, 2020<br>12:00 P.M. (EST) |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ November 25, 2020 _____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_____ Crown Respondents _____ , who issues or requests this subpoena, are:

David S. Klein, 2987 Clairmont Rd., Ste. 175, Atlanta, GA 30329, dklein@rlklawfirm.com, 404-584-1238

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT

Pursuant to the above and foregoing subpoena, you must produce the following items on or before December 7, 2020 at 12:00 P.M. (EST) by:

Electronic mail to:                         dklein@rlklawfirm.com
                                            mwinokur@rlklawfirm.com

OR

Mail, overnight mail, or hand-delivery to:  David S. Klein, Esq.
                                            Rountree Leitman & Klein, LLC
                                            2987 Clairmont Rd., Ste. 175
                                            Atlanta, GA 30329

## DEFINITIONS

The term "**Bankruptcy Case**" means that certain chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, Case Number 20-21451-JRS.

The term "**Communication**" means any oral statement, dialogue, colloquy, discussion or conversation and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

The term "**Debtor**" means the Debtor Crown Assets, LLC in the Bankruptcy Case or anyone else acting on her behalf.

The term "**Document**" means any written, printed, typed, drawn, punched, taped, filmed, recorded, or other graphic matter, which is possessed, controlled, or known to exist by you, including, but not limited to, any photograph, microfilm, microfiche, account, record, book, pamphlet, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, fax, e-mail, telegram, telephone records, memorandum, contract, lease, invoice, manifest, purchase order, ticket, log, project log, computer printout, computer disk file, computer hard drive, computer

tape, CD ROM disk, bulletin, study, survey, chart, graph, index, data sheets, inter- and intra-company communication, report, plan, drawing, specification, video tape, worksheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, or any other form of data compilation in tangible or electronic media.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of hand notations, initials, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

The term "**King Group**" means King Group MGMT, LLC and anyone acting on its behalf.

The term "**Maharaja Investments**" means Maharaja Investments, LLC a/k/a Maharaja Investment, LLC and anyone acting on its behalf.

The term "**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives and associations.

The term "**Zillionaire**" means Zillionaire Assets, LLC and anyone acting on its behalf.

The terms "**You**" or "**Your**" mean and refer to the Person to whom this subpoena is addressed – Gobind Madan. – and anyone acting on Your behalf.

DOCUMENT REQUESTS

1.      All Documents evidencing any operating agreements of King Group since October 2014.

2

2.      All Documents concerning King Group, including but not limited to federal and state tax returns, profit and loss statements, balance sheets, operating agreements, and bills of sale, since October 2014.

3.      All Documents evidencing any Communications between You and any other Person concerning King Group since October 2014.

4.      All Documents evidencing any operating agreements of Maharaja since January 1, 2019.

5.      All Documents concerning Maharaja, including but not limited to federal and state tax returns, profit and loss statements, balance sheets, operating agreements, and bills of sale since January 1, 2019.

6.      All Documents evidencing any Communications between You and any other Person concerning Maharaja since January 1, 2019.

7.      All Documents evidencing any operating agreements of Zillionaire since January 1, 2019.

8.      All Documents concerning Zillionaire, including but not limited to federal and state tax returns, profit and loss statements, balance sheets, operating agreements, and bills of sale since January 1, 2019.

9.      All Documents evidencing any Communications between You and any other Person concerning Zillionaire since January 1, 2019.

10.      All Documents evidencing any Communications which concern the real property more commonly known as 3180 Atlanta Highway in Athens, Georgia.

11.      All Documents evidencing any Communications which concern the real property more commonly known as 5341 Snapfinger Drive in Decatur, Georgia.

12.     All Documents evidencing any Communications which concern the real property more commonly known as 5754 Attucks Boulevard in Morrow, Georgia.

13.     All Documents evidencing any Communications which concern the real property at 90 Hunters Chase in McDonough, Georgia.

14.     All Documents evidencing any Communications which concern the real property at 2551 East Pinetree Boulevard in Thomasville, Georgia.

15.     All Documents evidencing any real estate purchased or sold by Sahib Arora, Vineet Singh, Harsimran Arora, Meharban Arora, Neeta Arora, or any entity controlled, managed, owned, or operated by them, since January 1, 2019.

# EXHIBIT C

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Georgia__

In re __Crown Assets, LLC__
_____
Debtor

_(Complete if issued in an adversary proceeding)_

Sahib Arora, Vineet Singh, King Group Mgmt, LLC, et al.
_____
Plaintiff

v.

Charanjeev Singh, Karan S. Ahuja, Jarnail Singh, et al.
_____
Defendant

Case No. __20-21451__

Chapter __11__

Adv. Proc. No. __20-02041-JRS__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ King Package Inc,
_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment

| PLACE | DATE AND TIME |
|---|---|
| Rountree Leitman & Klein, LLC<br>2987 Clairmont Rd., Ste. 175, Atlanta GA 30329 | December 7, 2020<br>12:00 P.M. (EST) |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __November 25, 2020__

CLERK OF COURT

OR

_____
_Signature of Clerk or Deputy Clerk_

_____
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__Crown Respondents__ , who issues or requests this subpoena, are:

David S. Klein, 2987 Clairmont Rd., Ste. 175, Atlanta, GA 30329, dklein@rlklawfirm.com, 404-584-1238

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT

Pursuant to the above and foregoing subpoena, you must produce the following items on or before December 7, 2020 at 12:00 P.M. (EST) by:

Electronic mail to:                              dklein@rlklawfirm.com
                                                 mwinokur@rlklawfirm.com

OR

Mail, overnight mail, or hand-delivery to:    David S. Klein, Esq.
                                                Rountree Leitman & Klein, LLC
                                                2987 Clairmont Rd., Ste. 175
                                                Atlanta, GA 30329

### DEFINITIONS

The term "**Bankruptcy Case**" means that certain chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, Case Number 20-21451-JRS.

The term "**Communication**" means any oral statement, dialogue, colloquy, discussion or conversation and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

The term "**Debtor**" means the Debtor Crown Assets, LLC in the Bankruptcy Case or anyone else acting on her behalf.

The term "**Document**" means any written, printed, typed, drawn, punched, taped, filmed, recorded, or other graphic matter, which is possessed, controlled, or known to exist by you, including, but not limited to, any photograph, microfilm, microfiche, account, record, book, pamphlet, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, fax, e-mail, telegram, telephone records, memorandum, contract, lease, invoice, manifest, purchase order, ticket, log, project log, computer printout, computer disk file, computer hard drive, computer

tape, CD ROM disk, bulletin, study, survey, chart, graph, index, data sheets, inter- and intra-company communication, report, plan, drawing, specification, video tape, worksheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, or any other form of data compilation in tangible or electronic media.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of hand notations, initials, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

The term "**King Group**" means King Group MGMT, LLC and anyone acting on its behalf.

The term "**Maharaja Investments**" means Maharaja Investments, LLC a/k/a Maharaja Investment, LLC and anyone acting on its behalf.

The term "**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives and associations.

The term "**Zillionaire**" means Zillionaire Assets, LLC and anyone acting on its behalf.

The terms "**You**" or "**Your**" mean and refer to the Person to whom this subpoena is addressed – King Package, Inc. – and anyone acting on Your behalf.

<u>DOCUMENT REQUESTS</u>

1.      All Documents evidencing Your ownership, shareholders, officers, and employees since July 7, 2017.

2.      All federal and state tax returns since July 7, 2017.

3.     All balance sheets, inventory lists, monthly profit and loss statements, and monthly sales statements, since July 7, 2017.

4.     All Documents evidencing any capital contributions made to You by any other Person since July 7, 2017.

5.     All Documents evidencing any payments made to You by Karan S. Ahuja, Charnjeev Singh, Jarnail Singh, Jonika Arora, or any other entity they own, operate or control, since July 7, 2017.

6.     All Documents evidencing any Communications which concern any payments made to You by Karan S. Ahuja, Charnjeev Singh, Jarnail Singh, Jonika Arora, or any other entity they own, operate or control, since July 7, 2017.

7.     All Documents evidencing any payments that You have made to Karan S. Ahuja, Charnjeev Singh, Jarnail Singh, Jonika Arora, or any other entity they own, operate or control, since July 7, 2017.

8.     All Documents evidencing any Communications which concern any payments that You have made to Karan S. Ahuja, Charnjeev Singh, Jarnail Singh, Jonika Arora, or any other entity they own, operate or control, since July 7, 2017.

9.     All Documents which concern any work performed on Your behalf or which benefited You in any manner by Karan S. Ahuja, Charnjeev Singh, Jarnail Singh, Jonika Arora, or any other entity they own, operate or control, since July 7, 2017.

# EXHIBIT D

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern                    District of _____ Georgia

In re _____ Crown Assets, LLC _____
Debtor

*(Complete if issued in an adversary proceeding)*

Sahib Arora, Vineet Singh, King Group Mgmt, LLC, et al.
_____
Plaintiff
v.
Charanjeev Singh, Karan S. Ahuja, Jarnail Singh, et al.
_____
Defendant

Case No. _____ 20-21451 _____

Chapter _____ 11 _____

Adv. Proc. No. ____ 20-02041-JRS ____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Harsimran Arora _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment

| PLACE | DATE AND TIME |
|---|---|
| Rountree Leitman & Klein, LLC 2987 Clairmont Rd., Ste. 175, Atlanta GA 30329 | December 7, 2020 12:00 P.M. (EST) |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____ November 25, 2020 ____

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
____ Crown Respondents ____ , who issues or requests this subpoena, are:
David S. Klein, 2987 Clairmont Rd., Ste. 175, Atlanta, GA 30329, dklein@rlklawfirm.com, 404-584-1238

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


   I declare under penalty of perjury that this information is true and correct.

Date: _____


   _____
                              *Server's signature*

   _____
                              *Printed name and title*

   _____
                              *Server's address*


Additional information concerning attempted service, etc.:

Case 20-02041-jrs    Doc 31    Filed 11/25/20    Entered 11/25/20 15:32:38    Desc Main
Document      Page 35 of 55

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT

Pursuant to the above and foregoing subpoena, you must produce the following items on or before December 7, 2020 at 12:00 P.M. (EST) by:

Electronic mail to:                     dklein@rlklawfirm.com
                                        mwinokur@rlklawfirm.com

OR

Mail, overnight mail, or hand-delivery to:    David S. Klein, Esq.
                                              Rountree Leitman & Klein, LLC
                                              2987 Clairmont Rd., Ste. 175
                                              Atlanta, GA 30329

### DEFINITIONS

The term "**Bankruptcy Case**" means that certain chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, Case Number 20-21451-JRS.

The term "**Communication**" means any oral statement, dialogue, colloquy, discussion or conversation and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means. Communications include but are not limited to telephone conference logs, text messages, WhatsApp messages, and electronic mailings.

The term "**Debtor**" means the Debtor Crown Assets, LLC in the Bankruptcy Case or anyone else acting on her behalf.

The term "**Document**" means any written, printed, typed, drawn, punched, taped, filmed, recorded, or other graphic matter, which is possessed, controlled, or known to exist by you, including, but not limited to, any photograph, microfilm, microfiche, account, record, book, pamphlet, periodical, publication, advertisement, schedule, list, manual, letter, correspondence,

fax, e-mail, telegram, telephone records, memorandum, contract, lease, invoice, manifest, purchase order, ticket, log, project log, computer printout, computer disk file, computer hard drive, computer tape, CD ROM disk, bulletin, study, survey, chart, graph, index, data sheets, inter- and intra-company communication, report, plan, drawing, specification, video tape, worksheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, or any other form of data compilation in tangible or electronic media.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of hand notations, initials, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

The term "**King Group**" means King Group MGMT, LLC and anyone acting on its behalf.

The term "**Maharaja Investments**" means Maharaja Investments, LLC a/k/a Maharaja Investment, LLC and anyone acting on its behalf.

The term "**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives and associations.

The term "**Former State Court Action**" means that civil action previously pending in the Superior Court of Fulton County, Georgia with a case caption of *Sahib Arora et al. v. Charanjeev Singh et al.,* and assigned a case number of 2020CV339119.

The term "**Former State Court Action Affidavit**" means that Affidavit of Harsimran Arora which you executed on August 23, 2020 and was filed in the Former State Court Action.

The term "**Former State Court Action Second Affidavit**" means that Affidavit of Harsimran Arora which you executed on September 10, 2020 and was filed in the Former State Court Action.

The term "**Zillionaire**" means Zillionaire Assets, LLC and anyone acting on its behalf.

The terms "**You**" or "**Your**" mean and refer to the Person to whom this subpoena is addressed – Harsimran Arora – and anyone acting on Your behalf.

<u>DOCUMENT REQUESTS</u>

1.     All Documents evidencing any Communications between You and the Debtor since January 1, 2019.

2.     All Documents evidencing any Communications between You and Karan S. Ahuja since January 1, 2019.

3.     All Documents evidencing any Communications between You and Charanjeev Singh since January 1, 2019.

4.     All Documents evidencing any Communications between You and Jarnail Singh since January 1, 2019.

5.     All Documents evidencing any Communications between You and Jonika Arora since January 1, 2019.

6.     All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Meharban Arora, and/or Reeta Rani, which concern the Debtor, since January 1, 2019.

7.     All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Meharban Arora, and/or Reeta Rani, which concern Karan S. Ahuja, since January 1, 2019.

8.      All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Meharban Arora, and/or Reeta Rani, which concern Jarnail Singh, since January 1, 2019.

9.      All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Meharban Arora, and/or Reeta Rani, which concern Jonika Arora, since January 1, 2019.

10.     All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Meharban Arora, and/or Reeta Rani, which concern any of the statements set forth in the Former State Court Action Affidavit.

11.     All Documents evidencing any Communications which concern the statement made at Paragraph 3 of the Former State Court Action Affidavit that "[i]n January of 2019, I became engaged to be married to Anhad Chawla of Ludhiana, India."

12.     All Documents evidencing any Communications which concern the statement made at Paragraph 3 of the Former State Court Action Affidavit that "[t]he wedding was set for November 9, 2019 in Ludhiana."

13.     All Documents evidencing any Communications which concern the statement made at Paragraph 4 of the Former State Court Action Affidavit that "[i]n August 2019, my father, Meharban Arora informed me that a dispute or misunderstanding of some kind had arisen between him and my uncle, his brother, Jarnail Singh."

14.     All Documents evidencing any Communications which concern the statement made at Paragraph 4 of the Former State Court Action Affidavit that "Meharban stated to me that this situation might affect my wedding plans."

15.     All Documents concerning the statement made at Paragraph 7 of the Former State Court Action Affidavit that "I checked my accounts on-line and discovered that Charanjeev had transferred unpaid credit card balances to my accounts totaling about $35,000."

16.     All Documents evidencing any Communications which concern the statement made at Paragraph 9 of the Former State Court Action Affidavit that "[a]t around this time, my fiancée, Anhad, and my father and brother Vineet told me that we needed to move up the date of the marriage without informing Jarnail or other members of his family to thwart whatever plans they had to interfere with our marriage."

17.     All Documents evidencing any Communications which concern the statement made at Paragraph 9 of the Former State Court Action Affidavit that "[w]e re-set the wedding date for October 25, 2019."

18.     All Documents evidencing any Communications which concern the statement made at Paragraph 10 of the Former State Court Action Affidavit that "[i]t was at this time that my father first told me that Jarnail and Jonika had threatened to disrupt my marriage."

19.     All Documents evidencing the "lo[ss] [of] all the money" paid in advance of the November 9, 2019 wedding plans as stated in Paragraph 11 of the Former State Court Action Affidavit.

20.     All Documents concerning the statement at Paragraph 16 of the Former State Court Action Affidavit that "[e]arly in April, I learned that my brothers had found out that Jarnail and his family had used the shopping center to borrow a large amount of money, in the millions."

21.     All Documents evidencing any Communications which concern the statement made at Paragraph 16 of the Former State Court Action Affidavit that "[e]arly in April, I learned

that my brothers had found out that Jarnail and his family had used the shopping center to borrow a large amount of money, in the millions."

22.    All monthly statements for Your Capital One Visa Credit Card Account ending in 3239 since January 1, 2018.

23.    All monthly statements for Your Citi Diamond Preferred Credit Card Account ending in 8742 since January 1, 2018.

24.    All monthly statements for Your Discover It Credit Card Account ending in 2457 since January 1, 2018.

25.    All monthly statements for Your Fifth Third Bank TRIO Credit Card Account ending in 0542 since January 1, 2018.

26.    All monthly statements for Your Wells Fargo Everyday Checking Account ending in 5002 since January 1, 2018.

27.    All Documents concerning any checking, savings, credit card, or other financial accounts that You or someone else acting on Your behalf granted the Debtor, Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, Jonika Arora, or any other Person acting on their behalf, access to since, January 1, 2018.

28.    All Documents evidencing any Communications which concern any checking, savings, credit card, or other financial accounts that You or someone else acting on Your behalf granted the Debtor, Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, Jonika Arora, or any other Person acting on their behalf, access to, since January 1, 2018.

29.    All Documents evidencing any Communications which concern each and every time you visited in person with Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, and/or Jonika Arora, since January 1, 2019.

30.     All Documents evidencing any physical violence against You by Sahib Arora.

31.     All Documents evidencing any Communications which concern any physical violence against You by Sahib Arora.

32.     All Documents evidencing any threats made against You by Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, and/or Jonika Arora, since January 1, 2019.

33.     All Documents evidencing any Communications which concern any threats made against You by Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, and/or Jonika Arora, since January 1, 2019.

# EXHIBIT E

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of _____ Georgia

In re _____ Crown Assets, LLC
Debtor

Case No. _____ 20-21451

*(Complete if issued in an adversary proceeding)*

Sahib Arora, Vineet Singh, King Group Mgmt, LLC, et al.
_____
Plaintiff

Chapter _____ 11

v.

Charanjeev Singh, Karan S. Ahuja, Jarnail Singh, et al.
_____
Defendant

Adv. Proc. No. _____ 20-02041-JRS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Meharban Arora _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment

| PLACE | DATE AND TIME |
|---|---|
| Rountree Leitman & Klein, LLC<br>2987 Clairmont Rd., Ste. 175, Atlanta GA 30329 | December 7, 2020<br>12:00 P.M. (EST) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ November 25, 2020

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ Crown Respondents _____ , who issues or requests this subpoena, are:

David S. Klein, 2987 Clairmont Rd., Ste. 175, Atlanta, GA 30329, dklein@rlklawfirm.com, 404-584-1238

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>ATTACHMENT</u>

Pursuant to the above and foregoing subpoena, you must produce the following items on

or before December 7, 2020 at 12:00 P.M. (EST) by:

Electronic mail to:                              dklein@rlklawfirm.com
                                                 mwinokur@rlklawfirm.com

OR

Mail, overnight mail, or hand-delivery to:   David S. Klein, Esq.
                                             Rountree Leitman & Klein, LLC
                                             2987 Clairmont Rd., Ste. 175
                                             Atlanta, GA 30329

### <u>Definitions</u>

The term "**Bankruptcy Case**" means that certain chapter 11 bankruptcy proceeding

pending in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville

Division, Case Number 20-21451-JRS.

The term "**Communication**" means any oral statement, dialogue, colloquy, discussion or

conversation and also any transfer of thoughts or ideas between persons by means of documents,

and includes any transfer of data from one location to another by electronic or similar means.

Communications include but are not limited to telephone conference logs, text messages,

WhatsApp messages, and electronic mailings.

The term "**Debtor**" means the Debtor Crown Assets, LLC in the Bankruptcy Case or

anyone else acting on her behalf.

The term "**Document**" means any written, printed, typed, drawn, punched, taped, filmed,

recorded, or other graphic matter, which is possessed, controlled, or known to exist by you,

including, but not limited to, any photograph, microfilm, microfiche, account, record, book,

pamphlet, periodical, publication, advertisement, schedule, list, manual, letter, correspondence,

fax, e-mail, telegram, telephone records, memorandum, contract, lease, invoice, manifest, purchase order, ticket, log, project log, computer printout, computer disk file, computer hard drive, computer tape, CD ROM disk, bulletin, study, survey, chart, graph, index, data sheets, inter- and intra-company communication, report, plan, drawing, specification, video tape, worksheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, or any other form of data compilation in tangible or electronic media.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of hand notations, initials, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

The term "**King Group**" means King Group MGMT, LLC and anyone acting on its behalf.

The term "**Maharaja Investments**" means Maharaja Investments, LLC a/k/a Maharaja Investment, LLC and anyone acting on its behalf.

The term "**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives and associations.

The term "**Former State Court Action**" means that civil action previously pending in the Superior Court of Fulton County, Georgia with a case caption of *Sahib Arora et al. v. Charanjeev Singh et al.,* and assigned a case number of 2020CV339119.

The term "**Former State Court Action Affidavit**" means that Affidavit of Meharban Arora which you executed on August 17, 2020 and was filed in the Former State Court Action.

The term "**Zillionaire**" means Zillionaire Assets, LLC and anyone acting on its behalf.

The terms "**You**" or "**Your**" mean and refer to the Person to whom this subpoena is addressed – Meharban Arora – and anyone acting on Your behalf.

<u>DOCUMENT REQUESTS</u>

1.    All Documents evidencing any Communications between You and the Debtor since January 1, 2019.

2.    All Documents evidencing any Communications between You and Karan S. Ahuja since January 1, 2019.

3.    All Documents evidencing any Communications between You and Charanjeev Singh since January 1, 2019.

4.    All Documents evidencing any Communications between You and Jarnail Singh since January 1, 2019.

5.    All Documents evidencing any Communications between You and Jonika Arora since January 1, 2019.

6.    All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Harsimran Arora, and/or Reeta Rani, which concern the Debtor, since January 1, 2019.

7.    All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Harsimran Arora, and/or Reeta Rani, which concern Karan S. Ahuja, since January 1, 2019.

8.    All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Harsimran Arora, and/or Reeta Rani, which concern Jarnail Singh, since January 1, 2019.

9.      All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Harsimran Arora, and/or Reeta Rani, which concern Jonika Arora, since January 1, 2019.

10.      All Documents evidencing any Communications between You and any other Person, including but not limited to Sahib Arora, Vineet Singh, Harsimran Arora, and/or Reeta Rani, which concern any of the statements set forth in the Former State Court Action Affidavit.

11.      All Documents evidencing any Communications which concern the statement made at Paragraph 4 of the Former State Court Action Affidavit that "I became aware that Jarnail and his sons Charanjeev and Ahuja were expressing to Sahib their belief or opinion that Sahib should bring them into his real estate investment endeavors as 50% owners."

12.      All Documents concerning the wedding referred to in Paragraph 5 of the Former State Court Action Affidavit, including but not limited to contracts for the wedding venue, payments made for the wedding or the wedding venue, and Communications with any other Person concerning the wedding.

13.      All Documents evidencing any Communications which concern the statement made at Paragraph 7 of the Former State Court Action Affidavit that "[s]hortly after I arrived, Jonika began to express to me the same belief or opinion that her husband Jarnail and sons had voiced to my son Sahib in the United States – that Sahib should bring Charanjeev and Ahuja into his business as 50% owners."

14.      All Documents which support the statements made in Paragraph 10 of the Former State Court Action Affidavit, including the references to "vociferous demands," "threaten[ing] to ruin my daughter Harsimran's marriage by making false statements to Anhad and his family about Harsimran's character and other members of our family."

15.     All Documents evidencing the Communications between You and Jarnail referred to in Paragraph 12 of the Former State Court Action Affidavit, including but not limited to any recordings, phone logs, text messages, or WhatsApp messages.

16.     All Documents evidencing the statement made at Paragraph 13 of the Former State Court Action Affidavit that "[Jarnail] then began demanding the sum of $900,000 from me, and he demanded that Vineet and I send voice recordings to him acknowledging this fictitious $900,000 debt."

17.     All Documents that support the statement made at Paragraph 13 of the Former State Court Action Affidavit that "[w]e complied because of his volatile behavios and the approaching date of my daughter's wedding."

18.     All Documents evidencing the statement made at Paragraph 14 of the Former State Court Action Affidavit that "Jarnail and Jonika also began to make other threats against my daughter."

19.     All Documents evidencing the statement made at Paragraph 14 of the Former State Court Action Affidavit that Jarnail and Jonika "would send 'a hundred' thugs."

20.     All Documents evidencing any Communications which concern the statement made at Paragraph 4 of the Former State Court Action Affidavit that "[i]n August 2019, my father, Meharban Arora informed me that a dispute or misunderstanding of some kind had arisen between him and my uncle, his brother, Jarnail Singh."

21.     All Documents evidencing any Communications which concern the statement made at Paragraph 4 of the Former State Court Action Affidavit that "Meharban stated to me that this situation might affect my wedding plans."

22.    All Documents evidencing the Communications between You and Vineet referred to in Paragraph 16 of the Former State Court Action Affidavit, including but not limited to any recordings, phone logs, text messages, or WhatsApp messages.

23.    All Documents evidencing the Communications referred to in Paragraph 17 of the Former State Court Action Affidavit, including but not limited to any recordings, phone logs, text messages, or WhatsApp messages.

24.    All Documents evidencing any Communications which concern the real property more commonly known as 3180 Atlanta Highway in Athens, Georgia.

25.    All Documents evidencing any Communications which concern the real property more commonly known as 5341 Snapfinger Drive in Decatur, Georgia.

26.    All Documents evidencing any Communications which concern the real property more commonly known as 5754 Attucks Boulevard in Morrow, Georgia.

27.    All Documents evidencing any Communications which concern the real property at 90 Hunters Chase in McDonough, Georgia.

28.    All Documents evidencing any Communications which concern the real property at 2551 East Pinetree Boulevard in Thomasville, Georgia.

29.    All Documents evidencing any payments or transfers that You made or any other Person made as a capital contribution in connection with the formation of King Group in or around October 2014.

30.    All Documents evidencing any payments or transfers that You received from King Group since October 2014.

31.    All Documents concerning any checking, savings, credit card, or other financial accounts in Your name where You or someone else acting on Your behalf authorized a payment

or transfer to be made to or from an account held in the name of the Debtor, Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, Jonika Arora, or any other Person acting on their behalf, since January 1, 2018.

32.　All Documents concerning any checking, savings, credit card, or other financial accounts that You or someone else acting on Your behalf granted the Debtor, Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, Jonika Arora, or any other Person acting on their behalf, access to since, January 1, 2018.

33.　All Documents evidencing any Communications which concern any checking, savings, credit card, or other financial accounts that You or someone else acting on Your behalf granted the Debtor, Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, Jonika Arora, or any other Person acting on their behalf, access to, since January 1, 2018.

34.　All Documents evidencing any Communications which concern each and every time you visited in person with Karan S. Ahuja, Charanjeev Singh, Jarnail Singh, and/or Jonika Arora, since January 1, 2019.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CROWN ASSETS, LLC, | ) | Case No. 20-21451 |
| | ) | |
|     Debtor. | ) | Chapter 11 |
| | ) | |
| _____ | ) | |
| | ) | |
| SAHIB ARORA; VINEET SINGH; | ) | Removed Case: |
| KING GROUP MGMT, LLC; | ) | |
| MAHARAJA INVESTMENTS, LLC; and | ) | Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) | Case Number 2020CV339119 |
| | ) | |
|     Petitioners, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) | 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) | |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) | |
| BLVD MGMT LLC; 2551 EAST PINETREE | ) | |
| BLVD LLC; 4319 COVINGTON HWY LLC; | ) | |
| 140 W DYKES STREET LLC; 1604 E | ) | |
| OGLETHORPE BLVD LLC; KING ASSETS, | ) | |
| LLC; and 2505 S MAIN STREET, LLC, | ) | |
| | ) | |
|     Respondents. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the foregoing **NOTICE OF SUBPOENAS** upon the following parties listed below by filing a copy of same with the Court's CM/ECF system, which will automatically provide a copy of same to them.

Michael A. Dominy
The Dominy Law Firm, LLC
729 Piedmont Avenue, NE
Atlanta, Georgia 30308
michael@dominylaw.net

And I have also served the same on the following by electronic mail:

Ramsey A. Knowles
Knowles Gallant LLC
3400 Powers Ferry Road, Suite 350
Atlanta, GA 30339
rknowles@knowlesgallant.com

This 25th day of November, 2020.

**ROUNTREE, LEITMAN & KLEIN, LLC**

*/s/ David S. Klein*
David S. Klein
Georgia Bar No. 183389
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238
dklein@rlklawfirm.com