

**IT IS ORDERED as set forth below:**

**Date: April 22, 2022**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CROWN ASSETS, LLC, | ) | Case No. 20-21451 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| SAHIB ARORA; VINEET SINGH; | ) | Removed Case: |
| KING GROUP MGMT, LLC; | ) | |
| MAHARAJA INVESTMENTS, LLC; and | ) | Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) | Case Number 2020CV339119 |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) | 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) | |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) | |
| BLVD MGMT LLC; 2551 EAST PINETREE | ) | |
| BLVD LLC; 4319 COVINGTON HWY LLC; | ) | |

1

| | |
|---|---|
| 140 W DYKES STREET LLC; 1604 E OGLETHORPE BLVD LLC; KING ASSETS, LLC; and 2505 S MAIN STREET, LLC, | ) ) ) ) |
| Respondents. | ) ) ) |

### ORDER GRANTING RESPONDENTS' MOTION FOR SANCTIONS RELATING TO SPOLIATION OF EVIDENCE

Respondents filed their Motion for Sanctions Relating to Spoliation of Evidence (the "Motion") on May 4, 2021 [Adv. Doc. 105]. Petitioners filed their Response in Opposition on May 24 2021 [Adv. Doc. 112]. The Motion alleges that Petitioners failed to preserve electronic evidence, primarily in the form of text and Whatsapp messages to the Respondents and amongst themselves. After a hearing on the matter on June 17, 2021, the Court deferred ruling on the issue until post-trial.

*In re Delta/Airtran Baggage Fee Antitrust Litigation* articulates three factors that must be proven by the party seeking sanctions for spoliation of evidence. 770 F. Supp. 2d 1299 (N.D. Ga. 2011). The court in *In re Delta* stated that the party seeking sanctions must show: (1) the missing evidence existed at one time; (2) [non-movants] had a duty to preserve the evidence; and (3) the evidence was crucial to [movants] being able to prove their prima facie case. *Id*. at 1305. In addition, the court declared that "[e]ven if all three elements are met, a party's failure to preserve evidence rises to the level of sanctionable spoliation only when the absence of that evidence is predicated on bad faith, such as where a party purposely loses or destroys relevant evidence." *Id*.

For reasons that are unclear to this Court, Meharban Arora and Harsimran Arora were not parties to this adversary, so the Court will not consider their alleged destruction of evidence in light of this Motion, although it did affect the assessment of their credibility at trial. Vineet testified during his deposition that he obtained a new cell phone in July 2020 and did not backup any

2

messages on his phone, yet the parties later produced message chains from before this time with some messages visibly deleted. The acquisition of the new phones occurred during the same period of time that the Petitioners had retained counsel and were preparing the suit upon which the adversary rests. It is also clear that this family spent a great deal of time messaging each other, so it is extremely suspect that no messages were produced between the Petitioners themselves. Further, because the Court was able to view the Respondents' side of the conversations, it revealed what Petitioners and family members chose to delete, which mostly consisted of items that were unfavorable to the Petitioners and their alleged story of duress and extortion, further bolstering the idea that the spoliation was intentional and planned to assist in the litigation. Because the Court ultimately ruled on the merits of the case against Petitioners on all of their claims and in favor of the Respondents on many of their counterclaims and awarded monetary damages and other relief, the Court is limiting its relief granted by this Order to attorney's fees for bringing and prosecuting the Motion. As such, it is hereby

**ORDERED** that the Motion is **GRANTED,**

**FURTHER ORDERED** that Respondents are collectively awarded attorney's fees in the amount of $6,747.00 against Petitioners, jointly and severally, for the preparation and prosecution of the Motion. The attorney's fees awarded in this Order are in addition to any the attorney's fees awarded in the Order and the Judgment on the merits of the case entered in the Adversary Proceeding.

The Clerk shall serve a copy of this Order on Petitioners, Petitioners' counsel, Respondents, and Respondents' counsel.

**END OF DOCUMENT**