**IT IS ORDERED as set forth below:**



Date: April 22, 2022

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CROWN ASSETS, LLC, | ) | Case No. 20-21451 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| SAHIB ARORA; VINEET SINGH; | ) | Removed Case: |
| KING GROUP MGMT, LLC; | ) | |
| MAHARAJA INVESTMENTS, LLC; and | ) | Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) | Case Number 2020CV339119 |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) | 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) | |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) | |

1

| | |
|---|---|
| BLVD MGMT LLC; 2551 EAST PINETREE BLVD LLC; 4319 COVINGTON HWY LLC; 140 W DYKES STREET LLC; 1604 E OGLETHORPE BLVD LLC; KING ASSETS, LLC; and 2505 S MAIN STREET, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

### ORDER DENYING PETITIONERS' MOTION TO IMPOSE SANCTIONS UPON RESPONDENTS FOR SPOLIATION OF EVIDENCE

Petitioners filed their Motion to Impose Sanctions for Spoliation of Evidence (the "Motion") on July 16, 2021 [Adv. Doc. 126]. Respondents filed their Responses in Opposition on July 30, 2021 [Adv. Docs. 136, 137]. Petitioners' Motion alleges that Respondents failed to retain possession of the original copies of the quitclaim deed which conveyed Maharaja Investments, LLC's interest in Pinetree Plaza to the Debtor (the "Deed") and the Certified Resolution and Incumbency Certificate of Maharaja Investments, LLC (the "Resolution"). After a hearing on the matter on August 3, 2021, the Court deferred ruling on the issue until post-trial.

In Petitioners' Motion they specified that they sought the Resolution signed by Petitioner Vineet Singh and/or the documents given to and filed by Michael Brochstein in order to effectuate Maharaja's transfer of its interest in Pinetree Plaza to Crown Assets. Charanjeev Singh's testimony was that he gave those documents to Mr. Brochstein to record. Mr. Brochstein, who had originally signed an affidavit stating he did receive original copies of the documents, later testified that he believed he was given a copy of the Resolution because he would not have required an original, but he was generally unable to recall with certainty. He did testify that he believed that the documents had been mailed to 660 Belgrave Lane after recordation as that would have been the normal course of business for his firm. The recordation took place on August 20, 2019, so therefore the mailing took place sometime on or after that date. Sahib Arora testified that Charanjeev, Karan,

2

and Jarnail all vacated the Belgrave home on August 19, 2019. Therefore, it seems that the person most likely to be in possession of the documents was Dr. Arora, not one of the Respondents. Additionally, a duty to preserve documents does not occur until litigation can be reasonably anticipated. *In re Delta/Airtran Baggage Fee Antitrust Litigation,* 770 F. Supp. 2d 1299, 1307 (N.D. Ga. 2011). The Petitioners' demand for recission and the instant adversary proceeding all commenced nearly a year after the transactions at issue took place.

The Court cannot punish Respondents for the possible loss of documents that were not proven to be in their custody and/or control and were not, at the time of the transaction, reasonably anticipated as being needed in future litigation. As such, it is hereby

**ORDERED** that the Motion is **DENIED.**

The Clerk shall serve a copy of this Order on Petitioners, Petitioners' counsel, Respondents, and Respondents' counsel.

**END OF DOCUMENT**