**IT IS ORDERED as set forth below:**



**Date: April 22, 2022**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CROWN ASSETS, LLC, | ) | Case No. 20-21451 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| SAHIB ARORA; VINEET SINGH; | ) | Removed Case: |
| KING GROUP MGMT, LLC; | ) | |
| MAHARAJA INVESTMENTS, LLC; and | ) | Fulton County, Superior Court, |
| ZILLIONAIRE ASSETS, LLC, | ) | Case Number 2020CV339119 |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| CHARANJEEV SINGH; KARAN S. AHUJA; | ) | 20-02041-JRS |
| JARNAIL SINGH; JONIKA ARORA; | ) | |
| CROWN ASSETS, LLC; 2551 E PINETREE | ) | |
| BLVD MGMT LLC; 2551 EAST PINETREE | ) | |
| BLVD LLC; 4319 COVINGTON HWY LLC; | ) | |

1

| | |
|---|---|
| 140 W DYKES STREET LLC; 1604 E OGLETHORPE BLVD LLC; KING ASSETS, LLC; and 2505 S MAIN STREET, LLC, | )<br>)<br>)<br>) |
| Respondents. | )<br>) |

**JUDGMENT**

Based on the Order on Complaint and Counterclaims After Trial[1] entered of even date herewith, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. All of Petitioners' Claims set forth in Counts I through XXIII or in the Amended Pre-Trial Order, if any, are DISMISSED;

2. The following Counts in the Counterclaims of the Crown Parties are DISMISSED: I, II, III, IV, V, VI, VII, VIII, XI, XII, XIV, XV, XVI, XVII, and XXII.

3. The following Counts and Claims in the Counterclaims of the Crown Parties are GRANTED, in whole or in part, and damages awarded as follows:

    (a) With respect to Count IX and Count X of the Crown Parties' Counterclaims, Count IX is GRANTED with respect to King Group and Count X is GRANTED as to Sahib, and is DENIED as to Vineet, and Crown Assets is awarded a judgment of $163,420.14 against King Group and Sahib, jointly and severally;

    (b) With respect to Counts XIII, XIX, and XX of the Crown Parties' Counterclaims, Crown Assets is entitled to a declaratory judgment that the Zillionaire Operating Agreement and the Zillionaire Internal Agreement were and continue to be valid, binding and enforceable agreements;

---

[1] The terms in this Judgment have the same meaning as the defined terms of the Order on Complaint and Counterclaims After Trial.

2

(c) With respect to Count XVIII of the Crown Parties' Counterclaims, it is GRANTED with respect to Sahib but DENIED with respect to Vineet, and Crown Assets is awarded a judgment of $163,420.14 against Sahib which is the same damages awarded for Counts IX and X and not in addition thereto; and Charanjeev and Karan are awarded a judgment against Sahib, but not Vineet, in the aggregate amount of $20,000, which amount is in addition to any other amounts awarded herein;

(d) With respect to Count XXI and XXII of the Crown Parties' Counterclaims, these are GRANTED with respect to King Group and Sahib but DENIED with respect to Vineet, and Jarnail is awarded a judgment of $36,021.00 against King Group and Sahib, jointly and severally, and these Counts are DENIED with respect to Jonika's claims;

(e) With respect to the claim for Slander of Title by the Crown Parties, this claim is GRANTED with respect to Sahib but DENIED with respect to Vineet, and the Crown Parties are awarded a judgment in the aggregate amount of $509,420.14 against Sahib which consists of attorney's fees (also awarded as part of the attorney's fee claim under O.C.G.A §13-6-11) and the Gelt Financial Damages awarded in Counts IX and X and is not in addition thereto;

(f) With respect to the claim for Attorney's Fees by the Crown Parties pursuant to O.C.G.A. § 13-6-11, this claim is GRANTED against all of the Petitioners, and the Crown Parties are awarded a judgment in the aggregate amount of $367,000 against all the Petitioners, jointly and severally, all but $21,000 of which amount is a part of and not in addition to the amount of attorney's fees awarded for the slander of title; and

3

    (g) With respect to the claim for Punitive Damages by the Crown Parties, this claim is GRANTED with respect to Sahib, Vineet and King Group, and the Crown Parties are awarded a judgment in the aggregate amount of $75,000 against Sahib and King Group, jointly and severally, and in the aggregate amount of $7,500 against Vineet;

4. The following Counts and Claims in the Counterclaims of Pinetree LLC are GRANTED, in whole or in part, and damages awarded as follows:

    (a) With respect to Count I of the Pinetree Counterclaims, the claim is GRANTED against Sahib and Pinetree LLC is awarded a judgment in the amount of $160,581.07 against Sahib which includes the Ollie's Lease Damages and attorney's fees;

    (b) With respect to Count II of the Pinetree Counterclaims, the claim is GRANTED against Sahib and Pinetree LLC is awarded a judgment in the amount of $60,000 against Sahib which represents the Ollie's Lease Damages, so it is not in addition to the amounts awarded in Count I;

    (c) With respect to Count III of Pinetree, LLC's Counterclaims, Pinetree, LLC is entitled to a declaratory judgment that the deed transferring Maharaja's interest in the property located at 2551 East Pinetree Boulevard, Thomasville, Georgia to Crown Assets was and is a valid, binding and enforceable deed, that the deed transferring Crown Assets' interest in that property to Pinetree, LLC was and is a valid, binding and enforceable deed, that Pinetree, LLC is the sole and exclusive owner of the property located at 2551 East Pinetree Boulevard, Thomasville, Georgia and that none of the Petitioners have any rights, claims or interests in or to that property or its income or the membership interests in Pinetree, LLC;

    (d) With respect to the claim for Attorney's Fees by Pinetree, LLC set forth in Count V of its Counterclaims, this claim is GRANTED, and Pinetree, LLC is awarded a judgment in the aggregate amount of $100,581.07 against all the Petitioners, jointly and severally, which amounts were also included in the judgment against Sahib in Count I and are not in addition thereto; and

    (e) With respect to the claim for Punitive Damages by Pinetree, LLC set forth in Count IV of its Counterclaims, this claim is GRANTED with respect to Sahib and Vineet, and Pinetree, LLC is awarded a judgment in the amount of $10,000 against Sahib and Vineet, jointly and severally;

5. Further, the notices of lis pendens recorded in the real estate records by Petitioners in connection with this litigation and any title affidavits they filed are cancelled of record. The Crown Parties and Pinetree may file a copy of this Judgment or the Order entered concurrently herewith in the real estate records of each county where Petitioners recorded notices of lis pendens or a title affidavit, with marginal references for each notice of lis pendens directed to each Clerk of Superior Court or, at their request, they may submit supplemental judgments specifically limited to the lis pendens or title affidavit on each property at issue in this case if that would make it easier for recording and title purposes; and

6. All Respondents shall have a judgment in their favor against all of Petitioners, jointly and severally, for all costs of this action. Interest shall accrue at the federal legal rate on all monetary amounts awarded in the Judgment.

[END OF ORDER]